STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. GENSER TRUCKING CO., INC., DEFENDANT-APPELLANT.

Passaic County Court
Law Division—Criminal

Decided January 21, 1965.

44

*Mr. Donald L. Raff,* Deputy Attorney General, for plaintiff (*Mr. Arthur J. Sills,* Attorney General, attorney).

*Mr. Louis P. Caroselli* for defendant.

DUFFY, J. C. C. The sole issue to be resolved in this case is whether the New Jersey State weighing station in Wayne is a public scale within the meaning of *N. J. S. A.* 39:3–84.3. If the statute is construed to include such scales, then the two-mile limitation applies; otherwise it does not.

The statute itself sets out the standards and penalties to be applied. It seems clearly to restrict the law enforcement officers who are empowered to act thereunder to motor vehicle inspectors and state police officers. The statute gives these officers the discretion to determine what type of scale to use

in fulfilling their duties so long as the statutory limitations are observed. Problems arise in this area which are highlighted by *State v. Metropolitan Iron and Steel Co.*, 62 *N. J. Super.* 412 (*Cty. Ct.* 1960), which will be discussed later. The Legislature has not defined "public scales" in the Motor Vehicle Act, *Revised Statutes, Title* 39. The body of law dealing with this problem is very limited.

The facts in the case at bar are undisputed. The truck was 11,640 pounds overweight. The scale at Wayne is outside the two-mile radial limit set by the statute.

State scales, while public in the general sense that the State owns them, are not available to the general public's use. They are not scales for hire.

■ The legislative policy behind *N. J. S. A.* 39:3–84 is set out in *Fortugno Realty Co. v. Schiavone-Bonomo Corp.*, 39 *N. J.* 382, 392 (1963), where the court, quoting from *State v. Gratale Bros., Inc.*, 26 *N. J. Super.* 581, 584 (*App. Div.* 1953) said:

" "* * * What the Legislature had in mind * * * was the protection of our highways and highway structures—subject as they are to the extraordinary use and ever-increasing volume of commercial traffic crossing and recrossing our State—from damage by overweight vehicles. * * *""

and from *State v. E. H. Miller Transportation Co.*, 74 *N. J. Super.* 474, 479 (*App. Div.* 1962),

" 'The history of our statutes relating to highway weight-limitations clearly indicates the legislative design to protect the roads, highways and people of the State from the hazards and destructive consequences that attend transportation by over-weight vehicles. * * *""

■ The statute involved is penal and *quasi*-criminal in nature. As such, it must be strictly construed. As stated in *State v. E. H. Miller Transportation Co.*, *supra:*

"* * * However, the rule of strict construction does not prevent a court from reading the statute in relation to the evil or mischief to be suppressed, *State v. Brenner*, 132 *N. J. L.* 607, 611 (*E. & A.* 1945),

or prevent a court from giving effect to the terms of a statute in accordance with their fair and natural acceptation (*State v. Meinken,* 10 *N. J.* 348, 352 (1952))."

Also in *State v. Brovenzano,* 34 *N. J.* 318 (1961),

" '* * * When the words of a statute are susceptible of two meanings, the one favorable and the other hostile to its principal design, the former should prevail and control the construction.' *Lloyd v. Vermeulen,* 22 *N. J.* 200, 205 (1956)." (at *p.* 321)

In *State v. E. H. Miller Transportation Co., supra,* at *p.* 478, the court interprets *N. J. S. A.* 39:3–84.3 as setting out three alternative methods for law enforcement officials to use. These are portable scales, stationary scales and public scales. The court holds that the limitation is applicable only to the latter, and in its application the two miles are measured as a radius from the point of interception. Defendant raised the point that the use of portable scales must be made at the point of interception. The court, in rejecting this contention, seems to overrule the decision in *State v. Metropolitan Iron and Steel Co., supra,* insofar as it holds that the statute limits the use of portable or stationary scales to the point of interception.

In that case the trooper ordered defendant's truck to be driven to the Lowe Paper Co. scales, which were within the two-mile limit. These scales were not generally open to the public's use; but the State was permitted to use them to weigh suspected trucks. The court, in attempting to define public scale, resorted to construction *in pari materia,* noting that a public weighmaster is defined as one "who shall, for hire, weigh or measure any commodity, produce or article and issue therefor a weight certificate * * *." Therefore, the court reasoned that public scales should reasonably be limited to those maintained for hire.

In *State v. E. H. Miller Transportation Co., supra* the court notes that while it does not rest its opinion on this fact, it is significant that the driver, defendant's agent, accompanied the trooper without any objection or protest even though

the scales were more than two miles away. In *State v. P. Saldutti & Son,* 69 *N. J. Super.* 192 (*Cty. Ct.* 1961), defendant's truck was weighed on a state-operated scale not open to public use. Defendant contended that the scales, under the statute, must be public, and that those used were not. Citing *State v. Metropolitan Iron and Steel Co., supra,* the court noted that public scales were held to be those for hire. However, there the court did not reach the specific question of whether or not scales maintained by the State, and not for hire, are public. The court then held that such scales are public within the statute, expanding the doctrine of *State v. Metropolitan Iron and Steel Co., supra.*

To construe *N. J. S. A.* 39:3–84.3 as defendant urges would defeat the legislative intent in creating the law. It would hamper the State Police in their quest to protect the State's roads and highways, the structures thereon, as well as the people themselves. Such a construction would force state troopers to create traffic hazards by use of portable scales. Following the doctrine of *State v. Provenzano, supra,* this statute can be construed to include the state scales as public scales, thereby limiting the effectiveness of the law, or it can be construed to exclude the state scales from the limitation. To follow this latter thought would give the benefit of the doubt to the law enforcement officers and give maximum effectiveness to the law. This would be the favorable meaning and the one which should prevail under this doctrine. Such interpretation would be in accord with the construction doctrines set forth in *State v. E. H. Miller Transportation Co.,* and in *State v. Gratale Bros., Inc., supra.* The *in pari materia* construction set forth in *State v. Metropolitan Iron and Steel Co., supra,* while enlightening, should not bind the court. The statutes are separate, function separately, and therefore should not control each other.

██ I disagree with the State's position insofar as it contends that *State v. E. H. Miller Transportation Co. supra,* reversed the definition set forth in *State v. P. Saldutti & Son, supra.* I read the former as a reversal of the concept that

portable or stationary scales must be used at the point of interception. The *dictum* set forth therein does state that the two-mile limitation does not apply to state scales. However, to avoid absurdity, this decision should not be read to declare that there are three types of scales: portable, stationary, and public. Portable is the opposite of stationary, and this closes one classification. Public is the opposite of private, and this closes the second classification. This leads to the logical conclusion that scales are either public portable, public stationary, private portable or private stationary. As defendant points out, this is merely *dictum* in *State v. E. H. Miller Transportation Co., supra,* but for reasons stated, I would find the law to be that the state scales are not public. As this is *dictum,* I find no reversal of *State v. P. Saldutti & Son, supra.* This being so, there is no need for me to reach the irrelevancy of the State's argument that *Saldutti* does not deal with the two-mile limitation. Rather than tangle with semantics, I am of the opinion that state scales should be excluded from the classification of public scales, justifying this on practical application of the law to enforcement of legislative policies, not on twisting definitions to get these scales in or out of a particular classification.

Under *State v. E. H. Miller Transportation Co., supra,* the court would apparently be justified in considering the factual question of whether or not the driver of the truck protested being taken over two miles to the Wayne scales. This does not seem to be a very strong point one way or the other, but it might be considered.

The judgment of conviction is therefore affirmed. The defendant is fined $343.18 and $5 costs in the lower court and $15 costs in this court. A judgment may be entered in accordance with this conclusion.